UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
HASAN SIMMONS,                                                :
                                                              :     **ORDER DENYING MOTION TO**
                                        Petitioner,           :     **VACATE SENTENCE**
                                                              :
        -against-                                             :     10 Civ. 5294 (AKH)
                                                              :     05 Cr. 1288 (AKH)
UNITED STATES OF AMERICA,                                     :
                                                              :
                                        Respondent.           :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      I have read Hasan Simmons' motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255; the government's opposition to that motion; and Simmons' reply. On the basis of this review, I deny the motion and order it dismissed with prejudice.

      Simmons alleges two constitutional errors: that the information leading two New York City police officers to stop and frisk him was unreliable, and that his trial and appellate counsel provided ineffective assistance by failing to raise and litigate Fourth Amendment issues and by neglecting to investigate the possibility of an alibi witness. Both arguments are frivolous.

      Before trial, Simmons' counsel moved to suppress physical evidence seized from Simmons on the night of his arrest on the ground that police lacked reasonable suspicion to justify their stop and frisk of Simmons. The government opposed Simmons' motion. An evidentiary hearing showed that, around 4:25 a.m. on November 12, 2005, two New York City police officers on patrol duty received a dispatch that an anonymous "911" telephone call had reported an assault in progress, possibly involving a firearm, at 1410 Prospect Avenue and that the assailant was "a black male wearing a gray hooded sweatshirt and a black jacket." When the police arrived on the scene, they first observed a crowd of people in front of an apartment

1

building, and then came upon Simmons and two others in the building's lobby. Simmons, a black male, was wearing a gray hooded sweatshirt under a black jacket. The police officers entered the building's vestibule from the outside; at the same time, Simmons, both hands in his jacket pockets, walked toward the vestibule from the lobby. The police entered the lobby and twice ordered Simmons to stop. The second time, Simmons complied. The police twice ordered Simmons to remove his hands from his pockets. When Simmons refused to do so, one of the officers grabbed Simmons' pocket and felt the butt of a gun. This led to a search, which uncovered two guns, which, in turn, led to Simmons' arrest.

As the Second Circuit concluded on direct appeal, the reliability, or lack thereof, of the information conveyed during the anonymous "911" telephone call does not control the reasonable suspicion inquiry. See United States v. Simmons, 560 F.3d 98, 107–08 (2d Cir. 2009). The police thought the "911" telephone call, which reported an ongoing emergency, was sufficiently reliable that they drove to the scene, known to be a high-crime area. Id. at 108. Once there, the police noticed a crowd of people in front of the building, and at least three people in the lobby, despite the late hour. Id. Simmons matched the anonymous caller's description of the assailant, and the position of Simmons' hands in his pockets, in addition to his failure to stop when ordered to do so, made it appropriate to stop him for questioning and to pat him down for self-protection. The pat down revealed weapons, and suggested that Simmons might have been engaged in other criminal activity. Id. The "totality of the circumstances support[s] the conclusion that the officers had reasonable suspicion to stop Simmons." Id. The circumstances surrounding the stop, and Simmons' refusal to remove his hands from his jacket pockets, gave the officers "reason to believe that Simmons was armed and dangerous" and justified the pat down. Id. Because the arresting officers themselves had reasonable suspicion to justify their

2

stop and frisk, the United States Supreme Court's discussion of the "collective knowledge" doctrine in United States v. Hensley, 469 U.S. 221 (1985), cited by Simmons, does not apply. See Simmons, 560 F.3d at 107 n.3.

I held, following the evidentiary hearing on Simmons' motion to suppress and the submission of additional briefing by both parties, that the weapons found in Simmons' pockets were admissible. The Second Circuit upheld that ruling on direct appeal. Id. at 109.

Simmons argues that his trial counsel's services were constitutionally defective because counsel did not challenge the reliability of the anonymous caller's information. But that issue was irrelevant, for the facts on the ground gave the police the necessary justification for a stop and search of Simmons. Accordingly, Simmons' trial and appellate counsel provided him with constitutionally adequate representation.

Simmons also argues that his trial counsel should have investigated and summoned three alibi witnesses to testify at trial. What an alibi witness would have done to change the course of the proceedings is not said. Simmons was caught with two guns in his pockets. An alibi witness would not have made a difference.

Because Simmons has not made a substantial showing of the denial of a constitutional right, I decline to certify this case for appeal. See 28 U.S.C. § 2253(c)(1)(B), (c)(2); id. § 2255(d).

The Clerk shall enter judgment dismissing Simmons' motion with prejudice and without costs and then mark the case closed.

SO ORDERED.

Dated: December __, 2010
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3